UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 13-10242-RGS
CIVIL ACTION NO. 16-11203-RGS

UNITED STATES

v.

ANTONIO CORREIA, SR.

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION FOR COLLATERAL RELIEF

January 9, 2016

STEARNS, D.J.

Petitioner Antonio Correia, Sr. seeks collateral review pursuant to 28 U.S.C. § 2255 of his sentence for possessing a firearm in furtherance of a crime of violence (a conspiracy to commit Hobbs Act robbery), in violation of 18 U.S.C. § 924(c)(1)(A). In attempting to define a crime of violence, the language of § 924(c) contains a "residual clause" which is worded similarly to that of the Armed Career Criminal Act (ACCA), struck down by the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (the decision was subsequently made retroactive on collateral review in *Welch v. United States*, 136 S. Ct. 1257 (2016)). Correia argues that his sentence based on the residual clause of § 924(c) is unconstitutional in light of *Johnson*. The

residual clause at issue in *Johnson* defined a "violent felony" as any crime that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of injury to another." 18 U.S.C. § 924(e)(2)(B).  Section 924(c)'s residual clause omits the list of illustrative crimes and simply defines a "crime of violence" as one "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3)(B).

Despite the facial similarity, every Circuit to have directly addressed the question has concluded that *Johnson* does not invalidate the § 924(c) residual clause. *See United States v. Prickett*, 839 F.3d 697 (8th Cir. 2016) (per curiam); *United States v. Hill*, 832 F.3d 135 (2d Cir. 2016); *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016).  This determination is based on a close examination of the reasoning underlying *Johnson*, where the Court concluded that "[t]wo features of the [ACCA] residual clause conspire to make it unconstitutionally vague." 135 S. Ct. at 2557.  In the first instance, the ACCA's "residual clause leaves grave uncertainty about how to estimate the risk posed by a crime" by requiring judges to determine risk based on "a judicially imagined 'ordinary case' of a crime [and] not [on] real-world facts or statutory elements." *Id.*  Secondly, the ACCA residual clause "leaves

uncertainty about how much risk it takes for a crime to qualify as a violent felony. It is one thing to apply an imprecise 'serious potential risk' standard to real-world facts; it is quite another to apply it to a judge-imagined abstraction." *Id.* at 2558. This potential for ambiguity was heightened in the ACCA context by the fact that the phrase "serious potential risk" had to be interpreted in light its list of exemplary crimes, all of which involve a less than clear-cut degree of risk. *Id.* The Court concluded that while "[e]ach of the uncertainties in the residual clause may be tolerable in isolation . . . 'their sum makes a task for us which at best could only be guesswork." *Id.* at 2560 (quoting *United States v. Evans*, 333 U.S. 483, 495 (1948)).

It is the Court's focus on the *combined* effects of the ACCA's flaws that distinguishes the § 924(c) residual clause. Assuming that the categorical approach applies to § 924(c) determinations,[1] that approach necessarily

---

[1] The First Circuit has never directly held that determinations under § 924(c)'s residual clause are made by employing the categorical approach, even though district courts have routinely assumed that to be the case. *See, e.g., United States v. Rachal*, No. 16-10043-NMG, 2016 WL 7165712, at *2 (D. Mass. Dec. 7, 2016); *Chasse v. United States*, No. 15-cv-473-PB, 2016 WL 4926154, at *4 & n.7 (D.N.H. Sept. 15, 2016); *United States v. Williams*, 179 F. Supp. 3d 141, 145-146 (D. Me. 2016). The categorical approach has also been adopted by several courts of appeals. *See, e.g., Hill*, 832 F.3d at 146; *Taylor*, 814 F.3d at 378; *United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015). There is good reason to doubt the value of the categorical approach in applying § 924(c). Unlike the ACCA's residual clause, which examines past convictions to enhance a sentence, § 924(c) determinations are bound up with the circumstances of the defendant's conviction. *See*

3

involves "assessing the risk of physical force posed by the 'ordinary' instance of a predicate crime," raising the vagueness concerns presented by the first part of *Johnson*'s analysis. *Hill*, 832 F.3d at 146; *accord Taylor*, 814 F.3d at 378. The second facet of vagueness that drove the Court's decision in *Johnson*, however, is not present in § 924(c). Unlike the ACCA, § 924(c) does not contain the list of disparate exemplar offenses that was "the prime cause of uncertainty in [the ACCA], and the key obstacle to consistent judicial construction." *Hill*, 832 F.3d at 146. *Johnson* emphasized that statutes which do not "link[] a phrase such as 'substantial' risk to a confusing list of examples" present far less serious vagueness concerns. 135 S. Ct. at 2561.

---

*United States v. Herr*, No. 16-cr-10038-IT, 2016 WL 6090714, at *2 n.2 (D. Mass. Oct. 18, 2016); *United States v. Tsarnaev*, 157 F. Supp. 3d 57, 74 (D. Mass. 2016); *cf. Shuti v. Lynch*, 828 F.3d 440, 449 (6th Cir. 2016) (noting that "§ 924(c) is a criminal offense that requires an ultimate determination of guilt beyond a reasonable doubt — by a jury, in the same proceeding," and that it therefore does not raise the same vagueness concerns as does the ACCA). That difference would make § 924(c) clearly constitutional under *Johnson*. 135 S. Ct. at 2561 (statutes which call for "application of a qualitative standard such as 'substantial risk' to real-world conduct" are constitutional); *see Shuti*, 828 F.3d at 450 (concluding that § 924(c) implicates *Johnson*'s constitutionally acceptable "real-world conduct" language); *cf. United States v. Prickett*, 830 F.3d 760, 761 (8th Cir. 2016) (per curiam) (stating that § 924(c) requires the application of the "substantial risk" standard to the facts of the defendant's case, not an idealized case), *vacated on reh'g*, 839 F.3d 697. Because the parties have not fully briefed the point, and because the court finds that § 924(c) is not vague even if the categorical approach applies, there is no need to definitely answer this question.

4

As a result of this straightforward construction, courts have had little difficulty (in sharp contrast to the ACCA) in interpreting § 924(c)'s residual clause.  *See Johnson*, 135 S. Ct. at 2558 (noting that vagueness determination was bolstered by the Court's history of "repeated attempts and repeated failures to craft a principled and objective standard out of the [ACCA's] residual clause").  A construction of § 924(c) is further helped by the narrower scope of its residual clause.  Unlike the ACCA, which requires consideration of whether a defendant will use force sufficient to create "a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii), § 924(c)'s residual clause focuses on the "substantial risk that physical force against the person or property of another may be used in the course of committing the offense," *id.* § 924(c)(3)(B).  Narrowing the inquiry to whether physical force is likely to be used, rather than whether injury may result to a victim, simplifies the interpretation of § 924(c).  *See Leocal v. Ashcroft*, 543 U.S. 1, 10 & n.7 (2004) (interpreting similar language in 18 U.S.C. § 16(b)); *Hill*, 832 F.3d at 148; *Taylor*, 814 F.3d at 375-76.

Moreover, § 924(c)'s language limiting the inquiry to force potentially used "in the course of committing the offense" likewise finds no parallel in the ACCA and reduces the possibility that § 924(c) will sweep in physical injuries only remotely caused by the crime.  *Taylor*, 814 F.3d at 376.  Indeed,

5

the First Circuit has evinced little difficulty in concluding that Correia's underlying offense — conspiracy to commit Hobbs Act robbery — is a crime of violence. *See United States v. Turner*, 501 F.3d 59, 67-68 (1st Cir. 2007). Unlike the ACCA, no tortured history of failed interpretive efforts haunts § 924(c).

Finally, Correia points to the fact that several Circuits have concluded that a near-identically worded residual clause in 18 U.S.C. § 16(b) is unconstitutionally vague. *See Baptiste v. Att'y Gen.*, 841 F.3d 601 (3d Cir. 2016); *Golicov v. Lynch*, 837 F.3d 1065 (10th Cir. 2016); *Shuti v. Lynch*, 828 F.3d 440 (6th Cir. 2016); *United States v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015); *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), *pet. for cert. granted*, 137 S. Ct. 31 (2016). This determination has not been consistent across the Circuits, however, *see United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016) (en banc), and the mine-run of decisions pay less focused attention than they should to the textual differences between the ACCA residual clause and the residual clauses present in § 924(c) and § 16(b), *see Hill*, 832 F.3d at 149-150. Even if § 16(b) is unconstitutional, it would not necessarily carry the day for Correia: as at least one Circuit has concluded, it is possible to distinguish between § 16(b) and § 924(c) on the basis that § 924(c), unlike the ACCA or § 16(b), is a criminal statute requiring a

conviction by a jury rather than a retrospective determination of crime-of-violence status by a district court or immigration judge. *Shuti*, 828 F.3d at 449-450. Consequently, the court finds that the cases directly on point upholding the constitutionality of § 924(c) are more persuasive. In sum, the double infirmity which infected the ACCA's residual clause is not present in § 924(c).

ORDER

For the foregoing reasons, Correia's petition for collateral relief is DISMISSED with prejudice. The Clerk is instructed to close the case.[2]

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE

---

[2] The court, however, also recognizes that the constitutionality of § 924(c)'s residual clause has split district courts, *see, e.g., Herr*, 2016 WL 6090714, and that the constitutionality of analogous language in 18 U.S.C. § 16(b) has split the courts of appeals. Because the First Circuit has yet to have the opportunity to provide guidance, the court grants a Certificate of Appealability on the question of whether 18 U.S.C. § 924(c)(3)(B) is void for vagueness in light of *Johnson*.